**Gordon W. FRANKLIN, Appellant**

v.

**FENTON, Warden C.E., Lewisburg Penitentiary, Appellee.***

No. 79–2652.

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1980.

Decided Oct. 21, 1980.

---

---

Peter G. Loftus (argued), Scranton, Pa., for appellant.

Frederick E. Martin, Asst. U. S. Atty. (argued), Lewisburg, Pa., Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., for appellee.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

*Editor's Note:* The opinion of the United States Court of Appeals, Fifth Circuit in *Harris v. Blackburn,* published in the advance sheets at this citation (642 F.2d 760), was withdrawn from bound volume at the request of the Court.

## OPINION OF THE COURT

WEIS, Circuit Judge.

After being apprehended on a violator's warrant, petitioner was returned to federal parole supervision within two weeks. Upon release, a new warrant was issued but not executed until after petitioner had pleaded guilty to state criminal charges. The district court found the procedures followed by the Parole Commission permissible but granted petitioner credit for time spent in custody pursuant to the warrants. We affirm.

The matter came to the courts when petitioner, an inmate of the Federal Correctional Institution at Lewisburg, Pennsylvania, asked the United States District Court for the Middle District of Pennsylvania to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1976). The case was referred to a magistrate who recommended that the writ be granted. The district judge, ruling on the basis of undisputed facts, declined to adopt the recommendation and denied the writ, but did grant some credit for time served.

Petitioner received a six year federal sentence in 1971 and was paroled in March 1974. In October 1976, he was arrested by Massachusetts authorities and charged with receiving stolen goods. The United States Parole Commission was notified, but did not take any action to affect petitioner's parole status until it learned that he failed to appear in staté court. At that time, the Commission issued a parole violator's warrant dated January 31, 1977. Petitioner was arrested on June 13, 1977 and remained in custody for fourteen days.

Having been advised that Massachusetts would prosecute on the pending charges, the Commission ordered that the January 1977 warrant be withdrawn, petitioner's parole not be revoked, and he be released from custody immediately. On that same day, June 24, 1977, the Commissioner issued a new warrant, listing the identical parole violations as the January 1977 document. This was sent to the United States Marshal in Boston with the following directions:

"Please hold warrant in abeyance. If pending charge results in no-conviction, advise Commission for further instructions. However, should subject change plea to guilty or be found guilty, place a detainer and assume custody if and when released."

The withdrawn January 1977 warrant also included a notation that the warrant had been reissued and was to be held in abeyance.

On September 19, 1977, the Commission supplemented the new warrant by adding to it two additional violations: (1) that on August 12, 1977 petitioner had been indicted by a federal grand jury in Florida and charged with interstate transportation of stolen goods, and (2) that on September 9, 1977 petitioner had pleaded guilty to the Massachusetts charges and had been sentenced to one year in a state correctional institution. The warrant was lodged as a detainer against petitioner in Massachusetts. Although the record does not establish precisely when that action was taken, Commission records show that it was "advised of detainer 10/5/77." Petitioner's original 1971 federal sentence expired October 12, 1977. After conviction on the federal charges in Florida, he was sentenced to seven years imprisonment on January 26, 1978 and assigned to Lewisburg.

In March 1978 the Commission notified the petitioner that it was reviewing the detainer arising from the June 1977 warrant. Petitioner responded that "the parole warrant was dropped on approximately June 27, 1977. My federal parole expired on October 12, 1977." After a dispositional hearing on April 25, 1978, the Commission decided that the detainer would remain on file and that the petitioner would be taken into custody as soon as he was released from the sentence he was then serving at Lewisburg. The Commission notified the petitioner of this decision by letter dated April 25, 1978, but it was not delivered until October, 1978.

In October, 1978 petitioner was granted a release on bond from Lewisburg while the Florida conviction was on appeal. The de-

tainer lodged against him would have prevented his release, but Lewisburg officials notified the Commission that they were unable to locate the June 1977 warrant. To avoid release, the Commission on October 25, 1978 prepared a duplicate of the June 1977 warrant and directed that it be executed. Petitioner was then arrested and continued in confinement at Lewisburg. The Florida conviction was later vacated.

The district court held that the Commission had authority to revoke and reissue the January 1977 warrant. It also found that since the June 1977 warrant had been issued before the expiration of petitioner's sentence, it remained valid thereafter. The October 25, 1978 warrant was determined to be a duplicate of the reissued warrant, and therefore properly executed. Because the detention in June 1977 had been only 14 days, the court concluded that the Commission had not been required to have a hearing, the release accomplishing all that petitioner could have obtained in any event. Even assuming, however, that petitioner had been deprived of a hearing, the court found as a fact that he had not been prejudiced.

On appeal petitioner contends that the document sent to Lewisburg on October 25, 1978 was in actuality a new warrant and not a duplicate of the one issued in June 1977. He also asserts that *Maslauskas v. United States Board of Parole*, 639 F.2d 935 (3d Cir. 1980), decided by us after the district court entered its final order, controls and requires reversal. We turn first to the latter contention.

In *Maslauskas* we said that the Parole Board could not unqualifiedly order that the prisoner be released from custody, reinstate him to parole supervision on an executed warrant and simultaneously issue another warrant to be executed in futuro.[1] The opinion noted, however, that it was not

necessary to meet the question whether a second warrant could be issued had the first order provided for reconsideration following disposition of the underlying state charges. It can be argued that this is such a case, since the Commission's Order of June 24, 1977 provided that "parole should not be revoked and [parolee] be immediately released from custody. Warrant reissued today with instructions to hold in abeyance." In addition, both the withdrawn and reissued warrants contain language that the second warrant was to be held in abeyance pending resolution of the Massachusetts charges.

In any event, *Maslauskas* is not controlling here. The second warrant in that case was issued in 1972 and this court in reaching its decision applied the statutory provisions and regulations in effect at that time. *See* 18 U.S.C. §§ 4205 & 4207 (1970) (repealed 1976). In the case at hand, however, the relevant events occurred after significant changes in the Parole Commission and Reorganization Act of 1976 became effective. 18 U.S.C. §§ 4201–4218 (1976). We therefore look to that statute and its implementing regulations.

It has been the general practice of the Parole Commission to withhold revocation of parole when the parolee initially is charged with a subsequent offense. Its position is that a parolee should have his "day in court" before revocation is considered. If convicted, then the seriousness of the crime and the sentence imposed would be factors in the determination of parole revocation. This delayed proceeding also avoids difficulties encountered in a discussion of the state charges before adjudication as well as possible interference with the parolee's preparation of a defense in the state court. If the parolee is acquitted, then that too must be taken into consideration. *See United States ex rel. LiPuma v. Gengler*, 411 F.Supp. 948, 950 nn.6 & 7 (S.D.N.Y.

---

1. That conclusion was based upon an interpretation of 18 U.S.C. § 4207 (1970) (repealed 1976), the statutory provision then in effect. This court found that the Parole Board's options upon retaking a parolee under § 4207 were mutually exclusive. Thus, under the law

then applicable, the Board could not decide not to revoke parole, simultaneously issue a second warrant and defer a revocation decision. *Maslauskas v. United States Board of Parole, supra*, 639 F.2d at 939.

1976); *Rossello v. Board of Parole*, 261 F.Supp. 308 (M.D.Pa.1966).

The policy of deferral is implicitly approved in the 1976 legislation which provides that "in a case of any parolee charged with a criminal offense, issuance of a summons, or a warrant may be suspended pending disposition of the charge." 18 U.S.C. § 4213(b). This provision is a specific exception to the statutory requirement that a warrant is to be issued as soon as practicable after discovery of the alleged parole violation. Moreover, this practice comports with congressional intent to minimize disruption of the parolee's life while the Commission is deliberating. *See* H.Conf.Rep. No. 838, 94th Cong., 2d Sess. 33, *reprinted in* [1976] U.S.Code Cong. & Ad.News 335, 339.

The 1976 legislation further changes the prior Act by providing that the Commission may restore parole if continuation of the revocation proceeding is not warranted, even after concluding that there is probable cause to believe a violation has occurred. 18 U.S.C. § 4214(a)(1)(A)(i). The Commission is thus granted considerable discretion at the preliminary hearing stage, and upon a finding of a violation, need not pursue the complete hearing procedure set out in the Act.

These statutory provisions support the proposition that the Commission may defer its decision until guilt or innocence of a pending charge has been determined. In this case, therefore, the Commission had the power to return the petitioner to parole after his apprehension in June 1977. The statute is devoid of any prohibition against the issuance of the second warrant whose execution was delayed pending disposition of the new charges. The procedure followed here is consistent with the spirit of § 4213(b) which allows issuance of a warrant to be suspended pending disposition of charges against the parolee. It is consistent also with the philosophy expressed in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), of permitting the Commission to consider events occurring after issuance of the warrant. Denying the Commission flexibility to defer final decision would serve the interests of neither parolee nor Commission. A restrictive approach would result in the revocation of parole in some situations in which later developments would bring about a different result.

A regulation adopted by the Commission is to the same effect. It reads, "[i]n the case of any parolee charged with a criminal offense . . . a warrant may be issued and held in abeyance pending disposition of the charge." 28 C.F.R. § 2.444(b) (1979). Subsection (a) of that section provides that a warrant may be issued or "withdrawn" by a member of the Commission.

It may be observed that the Commission did not issue a warrant when petitioner was first charged with the new offense in Massachusetts. Rather it acted only when petitioner failed to appear at a state hearing on the charges. Once he was located in Florida by federal officials, the Commission chose to defer further action until the state proceedings had been completed. That the Commission, in its discretion, chose to proceed by way of withdrawing the executed warrant and issuing a new one does not constitute an excess of the Commission's authority conferred under the Act.

Furthermore, we note that in this case the June 1977 warrant was supplemented in September of that year—before the expiration of petitioner's term—to reflect both the Florida indictment and the guilty pleas in Massachusetts. Any doubt about the propriety of issuing a new warrant in June would be removed by the amendments. These additions reflect new parole violations and either could have been the basis for the issuance of another violator warrant, if the June 1977 warrant had not already been in existence. The petitioner, therefore, can show no prejudice. The Massachusetts conviction would have precluded the necessity of a preliminary hearing under § 4214(a)(1), and the warrant could have been placed as a detainer immediately. 18 U.S.C. § 4214(b)(1).

We conclude, therefore, that the issuance of the June 1977 warrant was within the Commission's authority.

The petitioner contends that the warrant executed on October 25, 1978 was a new one issued after the expiration of his original term. There is no record support for this contention. The evidence shows that the warrant executed in October 1978 was a duplicate of the one issued in June 1977. The document sent to Lewisburg on that date was simply a copy—not a new warrant. Since the original warrant was issued within the petitioner's original term, it could be executed thereafter. *See United States v. Cox*, 475 F.2d 837, 839 (9th Cir. 1973), and cases cited therein. The fact that the arrest was accomplished by a duplicate of the warrant does not make it a new order, because here it is the date of issuance that is critical, not the date of execution.

Moreover, we do not find error in the district court's conclusion that petitioner suffered no prejudice because a hearing was not held in June 1977. A hearing could not have resulted in any action more favorable to the petitioner than the restoration to parole which the Commission ordered at that time.

There was, however, one point at which the statute was not followed. After the Commission was notified on October 5, 1977 that the June 1977 warrant had been lodged as a detainer, the provisions of § 4214(b)(1) required a dispositional review within 180 days. *See also* 28 C.F.R. § 2.47(a) (1979). This review did not take place until April 25, 1978, over three weeks beyond the statutory period. The warrant was executed on October 25, 1978 and a revocation hearing was held on December 7, 1978, within the 90 days required by § 4214(c). Thus, although the Commission did not observe the requirement of a prompt dispositional review, the short delay did not result in any prejudice to the appellant, since the revocation hearing was timely. *See Smith v. United States*, 577 F.2d 1025, 1028 (5th Cir. 1978). The fact that the review and hearing have been held obviate the need for any other remedy by the Court.

We conclude, therefore, that the judgment of the district court must be affirmed.