**Minor Michael STILL, Petitioner,**

v.

**UNITED STATES MARSHAL, United States Parole Commission and Denver Sheriff's Department, Respondents.**

**Civ. A. No. 84–K–1438.**

United States District Court,
D. Colorado.

Oct. 1, 1984.

Michael G. Katz, Federal Public Defender, Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner.

Robert N. Miller, U.S. Atty., Douglas W. Curless, Asst. U.S. Atty., Denver, Colo., for respondents.

## AMENDED ORDER

KANE, District Judge.

In this petition for habeas corpus or mandamus relief, Minor Michael Still states that because the federal government executed a warrant for a parole violation against Still, it is required to conduct a final parole revocation hearing within ninety (90) days of the execution of the warrant.

Still was originally convicted of interstate transportation of a motor vehicle, and received a five year sentence. On February 28, 1984, the government released Still and placed him under the supervision of the federal parole office. A federal parole violator warrant was issued on April 4, 1984, because Still failed to report that he had changed his places of residence and employment. On May 21, 1984, the State of Colorado took Still into custody on auto theft charges. On May 22, 1984, while Still was in the custody of the state, the United States Marshal executed the parole violator warrant. That same day a preliminary interview was conducted by United States Probation Officer Stan Harris. Although Still denied new criminal conduct, he admitted the technical charges and did not qualify for a local final revocation hearing. Stan Harris' summary report recommended a finding of probable cause for parole revocation.

On June 5, 1984, the parole commission withdrew the warrant, and lodged a detainer against Mr. Still. Since that time, the petitioner has been in state custody.

## DISCUSSION

■ In 1976, Congress codified the procedures of the United States Parole Commission. Under 18 U.S.C. § 4213(b), "... in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended [by the parole commission] pending disposition of the charge." *See Thigpen v. U.S. Parole Commission*, 707 F.2d 973 (7th Cir.1983), in which a warrant was issued, executed, and held in abeyance until the state charges were resolved. Counsel for Still has argued that I should not follow this case's reasoning in the absence of Tenth Circuit authority, because it ignores the detriment to the parolee. The detriment, as presented by counsel, is that the remaining federal time on the conviction underlying the federal parole does not begin to run until the warrant is actually executed. This does constitute a detriment, however I find that 18 U.S.C. § 4213(b) gives the parole commission authority to postpone the hearing pending the outcome of the state charges. *See Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), in which no parole revocation hearing was required because the parole violator was already in federal custody for crimes other than the parole violation.

■ Petitioner further argues that in the absence of express authority, the parole commission has no authority to withdraw a warrant "... where further revocation proceedings are clearly contemplated by the lodging of that warrant as a detainer." Petitioner's Traverse, p. 3. A common sense and policy-sensitive reading of the Act yields the conclusion that the Parole Commission is not precluded from withdrawing an executed warrant and then delaying its re-execution. *Thigpen, id.* at 976; *Franklin v. Fenton*, 642 F.2d 760 (3d Cir.1980).

IT IS ORDERED that the petition is denied.