**Aron Edward DONN, Appellant,**

v.

**Benjamin BAER, Chairman, U.S. Parole Commission; Joseph S. Petrovsky and Robert Truesdale, Appellees.**

No. 86–2411.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1987.

Decided Sept. 10, 1987.

Philip M. Moomaw, Asst. Federal Public Defender, Springfield, Mo., for appellant.

David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Aron Edward Donn appeals from the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends the United States Parole Commission (Commission) acted illegally by withdrawing an executed parole violator warrant, and, therefore, he is entitled to receive credit against the balance of his parole violator term for all state and federal custody since the Commission first executed the warrant. Although we agree that the Commission lacked authority to withdraw the executed parole violator warrant, we find that Donn was not prejudiced by this action. We therefore affirm the dismissal of his petition for a writ of habeas corpus.

## I. BACKGROUND

On January 14, 1979, Donn received an eight-year federal sentence for bank robbery in the Central District of California. The Commission released him to parole supervision on July 26, 1983. California state authorities arrested him on new state criminal charges on October 11, 1983. On October 27, 1983, the Commission issued a parole violator warrant and lodged it as a detainer with the Los Angeles, California, County Jail, where Donn was incarcerated. Donn pled guilty to grand theft and possession of a controlled substance in the Los Angeles Superior Court on January 30, 1984, and received concurrent sixteen-month sentences.

Donn's federal parole officer interviewed him at the Los Angeles County Jail on February 6, 1984. Donn told him that he had pled guilty so that he could return to federal custody and that the state court had indicated he could serve the new state sentences in federal custody. Ten days later, on February 16, 1984, the Commission learned that its parole violator warrant had been executed and that Donn was in federal custody at the Federal Correctional Institution—Terminal Island. On February 22, 1984, however, the Commission ordered Donn returned to State custody because it did not want Donn to serve the balance of his federal sentence concurrently with the new state sentences. Accordingly, the Commission directed: (1) that Donn be conditionally reinstated to parole supervision; (2) that the parole violator warrant be held in abeyance pending Donn's return to state custody; (3) that the return on the executed warrant be altered by drawing a diagonal line through it; (4) that a clean copy of the return be attached to the original warrant; and (5) that the original warrant be lodged as a detainer with California authorities. Donn returned to California custody on March 7, 1984.

On December 7, 1984, federal authorities reacquired custody of Donn from California. Following a hearing, Donn's parole was revoked on January 17, 1985. He remains in custody following prison disciplinary infractions that have retarded his parole and an escape that resulted in a consecutive six-month sentence.

## II. DISCUSSION

■ A parole violator warrant is "executed" when a federal officer takes the

parolee and "returns him to the custody of the Attorney General." 28 C.F.R. § 2.46(a) (1986). The Commission has virtually complete discretion to decide when to execute a violator warrant because an alleged parole violator has no constitutional right to a prompt revocation hearing. *See Moody v. Daggett,* 429 U.S. 78, 88–89, 97 S.Ct. 274, 279–80, 50 L.Ed.2d 236 (1976); *Hicks v. United States Bd. of Paroles and Pardons,* 550 F.2d 401, 403 (8th Cir.1977). The Commission also has broad discretion to decide whether to issue a warrant once it learns of an alleged parole violation.

(b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended during disposition of the charge.

18 U.S.C. § 4213(b).

In Donn's case the government argues that its discretion to decide when to issue and when to execute a violator warrant also permits it to withdraw a previously executed warrant and to reexecute it later. It concedes, however, that there is no explicit statutory authority for such discretion. Instead, it relies on two circuit court cases that found implicit authority for the withdrawal of previously executed warrants: *Thigpen v. United States Parole Commission,* 707 F.2d 973 (7th Cir.1983), and *Franklin v. Fenton,* 642 F.2d 760 (3d Cir. 1980).

However, the execution of Donn's federal violator warrant after disposition of his California charges distinguishes both *Thigpen* and *Franklin.* In both of these cases, the federal parole violator warrant was executed before disposition of the pending state charges. *See* 707 F.2d at 975; 642 F.2d at 761.[1] Both courts found implicit authority for the Commission's withdrawal of the executed warrants, stressing the Commission's need for the flexibility to defer the revocation decision until resolution of the new charges. *See* 707 F.2d at 976; 642 F.2d at 763. Such judicially created flexibility, however, is unnecessary in Donn's case because all new criminal charges had been resolved when the Commission's parole violator warrant was executed. *See* 18 U.S.C. § 4210(b)(2).

■ Relying on *Thigpen* and *Franklin,* the government argues that withdrawal of the executed warrant was necessary so that the Commission could consider Donn's institutional adjustment in California custody before deciding whether to revoke his parole. This argument is unpersuasive. Nothing in the Commission's regulations concerning revocation of parole requires it to consider Donn's California prison experience when determining whether to revoke his parole. *See* 28 C.F.R. § 2.52 (1986) (revocation decisions). Further, nothing in the record in this case indicates that the Commission actually considered his California institutional adjustment in considering whether to revoke his parole. Finally, Donn's performance in the state prison system would have little, if any, significance in the Commission's postrevocation consideration of reparole on his federal violator term. *See* 28 C.F.R. § 2.21 (reparole consideration guidelines).

Moreover, the Commission's withdrawal of the executed warrant and its failure to hold a revocation hearing meant that Donn returned to California custody with a pending parole violator warrant as an unresolved detainer. The detainer was unresolved because Donn was left uncertain

1. In *Franklin,* the parolee was being sought by both federal and state authorities when the parole violator warrant was executed. The Commission withdrew its warrant only after Massachusetts authorities indicated that they intended to prosecute the pending state charges. *Franklin,* 642 F.2d at 761. In *Thigpen,* the parolee sought habeas corpus relief challenging his federal parole revocation on Constitutional grounds. This habeas action was dismissed pursuant to a stipulation that provided for Thigpen's release to state authorities for resolution of pending state charges. The stipulation also provided that a new revocation would be held after disposition of the state charges. *Thigpen,* 707 F.2d at 975.

whether the Commission would revoke his parole and uncertain how much prison time beyond his California sentences that he would have to serve if the Commission decided to revoke his parole. The legislative history to the Parole Commission and Reorganization Act of 1976, Pub.L. No. 94–233, 90 Stat. 219 (1976), *codified at* 18 U.S.C. §§ 4201–18, reflects Congressional intent to spare a parole violator "the unnecessary complications of an unresolved parole detainer pending throughout the service of his new sentence." S.Rep. No. 369, 94th Cong., 2d Sess. 17–18, *reprinted in* 1976 U.S.Code Cong. & Admin.News 335, 339. As this Court has observed, the uncertainty created by unresolved parole violator detainers can have a destructive impact on an inmate's institutional performance and progress. *See Cooper v. Lockhart*, 489 F.2d 308, 314 n. 10, 314 n. 11 (8th Cir.1973). In addition, unresolved detainers burden not only the parole violator but the correctional system that receives the detainer as well. *See* Note, *Interstate Detainers and Federal Habeas Corpus: Long-Arm Shortcut to Solving the Catch 2241*, 1982 Wis.L.Rev. 863, 866–68.

■ Finally, we note that execution of a parole violator warrant has constitutional significance. It is the "functional designation" for the "operative event triggering any loss of liberty attendant upon parole revocation." *Moody v. Daggett*, 429 U.S. at 87, 97 S.Ct. at 279. It triggers the Commission's "constitutional duty" to provide a parolee with an adversary parole hearing and the due process protections applicable under *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972), which are codified in 18 U.S.C. § 4214. *See Moody v. Daggett*, 429 U.S. at 89, 97 S.Ct. at 279; *Heath v. United States Parole Commission*, 788 F.2d 85, 88 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986). Thus, in the circumstances of Donn's case, we are not persuaded that the Commission should possess implicit authority to withdraw an executed warrant. *See Still v. United States Marshal*, 780 F.2d 848, 851 (10th Cir.1985) (declining to find implicit authority to withdraw an executed parole violator warrant). Having taken the constitutionally significant step of executing its violator warrant, the Commission was obligated to afford Donn a revocation hearing within time limits set forth in 18 U.S.C. § 4214.

■ The Commission's unauthorized action does not, however, entitle Donn to habeas corpus relief absent a showing that the Commission's delay was both unreasonable and prejudicial. *See, e.g., Heath v. United States Parole Commission*, 788 F.2d at 89–90; *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C.Cir.1983). In Donn's case we need not decide whether the Commission's delay was unreasonable because we find that he was not prejudiced.

Donn does not contend that the delay prejudiced his ability to defend himself at the revocation hearing or to offer mitigating evidence. Rather, he argues that the Commission's withdrawal of the warrant frustrated his opportunity to serve his new California sentences concurrently with the balance of his federal violator term, which was the express intent of the California court that sentenced him. However, Donn received full credit for his California custody against the period of incarceration that the Commission ordered as a consequence of his parole violation.

When it revoked Donn's parole on January 15, 1985, the Commission penalized him by ordering that he serve twenty-two months in custody before reparole on his federal sentence. At the same time, the Commission set a presumptive reparole date of October 13, 1985.[2] Thus, the Commission intended to reparole Donn ten months after it finally revoked his parole. The difference between the twenty-two month penalty for Donn's parole violation and the ten months from his revocation hearing to his presumptive reparole date reflects credit for all of his California custody on the new sentences. This credit

---

**2.** The record indicates that this presumptive reparole date was subsequently retarded as a consequence of Donn's institutional disciplinary problems and a subsequent escape for which he has received a consecutive sentence.

included the period from February 16, 1984, when the warrant was executed to March 7, 1984, when Donn was returned to California custody. It also included credit for the period from his return to California custody to December 7, 1984, when the parole violator warrant was executed a second time. Donn's California sentence was therefore effectively concurrent to the sentence of incarceration the Commission imposed on the balance of Donn's federal parole violator term. In these circumstances, we find that Donn was not prejudiced by the Commission's withdrawal of the ex-executed warrant and its failure to hold a revocation hearing within the time limits specified in section 4214.

"[T]he legislative history of the Parole Commission and Reorganization Act of 1976, * * * reveals that the remedy which Congress contemplated for the Commission's failure to comply with statutory time limits was not release from confinement but a writ of mandamus to compel compliance." *Heath v. United States Parole Commission,* 788 F.2d at 89. In Donn's case, the Commission has already complied by holding a revocation hearing following its second execution of the violator warrant. Consequently, Donn has received all the relief to which he is entitled. *Id.* at 90. We therefore affirm the district court's dismissal of Donn's petition for a writ of habeas corpus.