877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Luther COOK, III, Petitioner-Appellant,
v.
US PAROLE COMMISSION, Respondent-Appellee.
 No. 88-7833.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided June 9, 1989.
 
 George Luther Cook, III, appellant pro se.
 Michael Anson Rhine, Office of the U.S. Attorney, for appellee.
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Cook, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 claiming that (1) he was not notified of the finding of probable cause to revoke his federal parole within 21 days of his preliminary hearing; (2) the Parole Commission failed to conduct a separate hearing to determine his suitability for release pending his revocation hearing; and (3) he did not get a revocation hearing within 60 days of his preliminary hearing. The district court dismissed Cook's petition for failure to appeal the revocation of his parole as required under 28 C.F.R. Sec. 2.26. We affirm.
 
 
 2
 Initially, we agree with the district court that a federal prisoner challenging a decision of the Parole Commission must exhaust his administrative remedies prior to filing a Sec. 2241 petition. See Brown v. Smith, 828 F.2d 1495 (10th Cir.1987); United States v. Mittelsteadt, 790 F.2d 39 (7th Cir.1986) (per curiam); Ruviat v. Smith, 701 F.2d 845 (9th Cir.1983); Lambert v. Warden, United States Penitentiary, 591 F.2d 4 (5th Cir.1979). Although Cook failed to appeal his revocation to the National Appeals Board, he alleges that, due to prison transfer, he did not actually receive notice of the decision of his right to appeal until after the 30-day limitations period in 28 C.F.R. Sec. 2.26 had expired. Thus, we do not consider Cook's failure to appeal as a deliberate attempt to bypass administrative review. Cf. Talerico v. Warden, United States Penitentiary, 391 F.Supp. 193 (M.D.Pa.1975). Moreover, since exhaustion of administrative remedies is, as here, not usually held to be jurisdictional, and since any error is harmless, we consider the merits of Cook's claims.
 
 
 3
 Regarding claim (1), we note that Cook has not alleged any prejudice resulting from the delay in notifying him of the finding of probable cause and we can discern no obvious harm from such an oversight. Therefore, this claim is meritless. See Donn v. Baer, 828 F.2d 487 (8th Cir.1987).
 
 
 4
 Likewise, claim (2) is meritless. Cook's complaint is that he was not considered for release from custody from April 11, 1988 to July 14, 1988, while his revocation was pending. This claim is not timely because Cook cannot now get the relief he sought.[1] Thus, his claim is moot. Moreover, we note that Cook is not entitled to release pending the revocation hearing and that it is unlikely he would be released, considering that he admitted violating his parole at the preliminary hearing and is a multiple, repeat offender. See Galante v. Warden, 573 F.2d 707 (2d Cir.1977).
 
 
 5
 Finally, we find that Cook's revocation was held seven days outside of the 90-day period established by 18 U.S.C. Sec. 4214(c).[2] Nonetheless, Cook is not entitled to relief because he has not shown any prejudice flowing from the delay. Therefore, this claim has no merit as well.
 
 
 6
 For the above reasons, we affirm the dismissal of Cook's petition. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument will not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Cook is presently incarcerated on his revoked parole and will not be released until June 1989
 
 
 [2]
 The 90-day period of 18 U.S.C. Sec. 4214(c) applies rather than the 60-day period of Sec. 4214(a)(1)(B) because the parole revocation warrant was executed after Cook's conviction of other criminal charges