**William Hale THOMPSON,**
**Petitioner–Appellant,**

**v.**

**Joseph H. CRABTREE, Warden, FCI Sheridan, (United States Parole Commission), et al., Respondents–Appellees.**

No. 93–36100.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 1995.

Decided April 26, 1996.

Kathleen M. Correll, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.

Kenneth C. Bauman, Assistant United States Attorney, Portland, Oregon, for the respondents-appellees.

Before: JAMES R. BROWNING, THOMAS M. REAVLEY,* and WILLIAM A. NORRIS, Circuit Judges.

PER CURIAM:

William Hale Thompson appeals the denial of his petition for a writ of mandamus[1] to compel the United States Parole Commission to hold a prompt revocation hearing on outstanding charges of parole violation and, if his parole is revoked, to credit his sentence on the underlying offense with time served on intervening bank robbery convictions. We affirm in part and reverse in part.

## I.

Thompson was sentenced to fifteen years for bank robbery in 1982. He was paroled in August 1988, with approximately nine years remaining to be served. In September 1988, the Commission issued a warrant alleging five technical parole violations.[2] On November 20, 1988, Thompson voluntarily surrendered on the parole violator warrant. Two days later, a United States Parole and Probation Officer conducted a preliminary interview. Thompson admitted three of the violations and requested a revocation hearing. After the interview, the parole officer reported to the Commission that Thompson had "voluntarily surrendered to the United States Marshal's [sic] Service on the Commissioner's warrant" and "was in custody on the warrant," and that the parole officer

---

* The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Although Thompson pled his action under 28 U.S.C. § 1361, governing writs of mandamus, the district court construed the request as arising under 28 U.S.C. § 2241, pertaining to writs of habeas corpus. As Thompson seeks neither release from custody nor expungement of his 1982 sentence, his action sounds more properly in mandamus. The inquiry in either case, however, is whether the Commission denied Thompson his legally mandated speedy parole revocation hearing following his arrest on a parole violator warrant. See 28 U.S.C. §§ 1361, 2241.

2. The violations were 1) leaving the district without permission; 2) failure to report a change in residence; 3) failure to submit a supervision report; 4) unauthorized use of a motor vehicle; and 5) passing bad checks/checks written on insufficient funds.

found probable cause as to all of the violations alleged. On January 6, 1989, the Commission notified Thompson that probable cause had been found and ordered Thompson transferred to a federal institution for a revocation hearing.

The only charges against Thompson when he surrendered were those alleged in the parole violator warrant. During the preliminary interview, Thompson admitted committing several bank robberies while on parole. A complaint and arrest warrant on the new charges were issued by the district court on November 23, 1988, and Thompson was arrested on the new charges on November 28, 1988. Thompson ultimately pled guilty to bank robbery charges and was sentenced to 188 months on each charge, the sentences to run concurrently.

After Thompson was sentenced for the bank robberies, the Commission supplemented the violator warrant with two applications dated October 27, 1989 and March 13, 1990, alleging the robberies as additional parole violations. In June 1990, the Commission lodged the violator warrant, containing the original warrant application and the supplemental warrant applications, as a detainer at the federal prison where Thompson was serving his bank robbery sentences. After a dispositional review the Commission advised Thompson it would let the detainer stand. No parole revocation hearing was held.

## II.

■ The Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201–4218, codifies the due process rights extended to alleged parole violators in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Although Thompson alleges violations of both the statute and the due process clause, we address only his statutory claims.[3] Under the statute, "[i]f any parolee is alleged to have violated his parole, the Commission may ... issue a warrant and retake the parolee." 18 U.S.C. § 4213(a)(2). Once "retaken," the alleged violator is entitled to a prompt preliminary hearing to determine if there is probable cause to believe he committed the alleged parole violation. 18 U.S.C. § 4214(a)(1)(A). If a parolee waives the preliminary hearing, admits the parole violation at the preliminary hearing, or is convicted of a crime while on parole, he must receive a parole revocation hearing within 90 days of the "retaking."[4] 18 U.S.C. § 4214(c). The Commission "retakes" the parolee by executing a violator warrant. *See Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976); *United States v. Wickham*, 618 F.2d 1307, 1309 (9th Cir.1979); *see also* 18 U.S.C. § 4213(d); 28 C.F.R. § 2.46(a).

■ The district court found the violator warrant had been executed. We agree. Thompson surrendered to federal custody on the basis of the warrant and was detained in custody for at least three days on the basis of that warrant alone. No charges other than that of parole violation were pending against him at that time. He was not arraigned on the subsequent bank robbery charges until eight days after his initial detention. Moreover, both the Commission's "Preliminary Interview and Revocation Hearing Form," signed by Thompson the day after his surrender, and the parole officer's report of Thompson's preliminary interview on the

3. The provisions of Title 18, Chapter 311, the Parole Commission and Reorganization Act of 1976, were repealed by the Comprehensive Crime Control Act of 1984. *See* Pub.L. No. 98–473, Title II, §§ 218(a)(5), 98 Stat. 1837, 2027 (1984). Chapter 311 remained in effect until November 1, 1991, as to convictions obtained prior to November 1, 1986, and sentenced under the pre-guideline statutory scheme. *See* Pub.L. No. 98–473, Title II, § 235, 98 Stat. 1837, 2031–32. The parties do not dispute the applicability of Chapter 311 to this case.

The statutory requirement of a hearing within either 60 days of the probable cause determination, *see* 18 U.S.C. § 4214(a)(1)(b), or 90 days of retaking, *see* 18 U.S.C. § 4214(c), is more stringent than the constitutional command of a reasonably prompt hearing. *See Morrissey*, 408 U.S. at 488, 92 S.Ct. at 2603.

4. Generally, the parolee is entitled to a revocation hearing within 60 days of the probable cause determination. 18 U.S.C. § 4214(a)(1)(B). However, the parties address only the 90–day requirement of section 4214(c). Thompson does not argue he was entitled to a hearing within 60 days of the probable cause determination.

same day indicated Thompson was held in custody under the Commission's warrant.

## III.

■ The Commission contends that even though the warrant was "executed" and Thompson "retaken," Thompson's subsequent indictment, conviction, and sentencing on new charges authorized the Commission to lodge the parole violation warrant as a detainer and suspend review of the parole violation charges until the new sentences expired. *See Hopper v. United States Parole Comm'n,* 702 F.2d 842, 848 (9th Cir.1983) (time for revocation hearing on warrant placed as detainer runs from execution of warrant at end of intervening sentence). This court has not considered whether the Commission has such authority. We conclude the Commission does not.

Former section 4214(b) provided that if a parolee had been convicted of an independent criminal offense while on parole, "a parole revocation warrant or summons *issued* pursuant to section 4213 may be placed against him as a detainer." 18 U.S.C. § 4214(b)(1) (emphasis added). The Act contains no similar provision for lodging an *executed* warrant as a detainer. Congress's manifest awareness of the distinction between "issuance" of a warrant and "execution" of or "retaking" under a warrant suggests the choice of terminology was not casual.[5] The Act does not expressly proscribe the lodging of an executed warrant as a detainer following a parolee's conviction on other charges, but section 4214(c)'s mandate of a hearing within ninety days of retaking is unequivocal.

The Tenth and Eighth Circuits have concluded that once a violator warrant has been executed, it cannot be withdrawn to avoid the procedural requirements of section 4214.

In *Still v. United States Marshal,* 780 F.2d 848 (10th Cir.1985), the court held the Commission lacked authority to withdraw a parole violator warrant executed while the parolee was in state custody and to hold it in abeyance pending resolution of state charges. Noting that the Act gave the Commission flexibility to defer a parole revocation hearing until the completion of the parolee's new sentence by suspending *issuance* of a violator warrant, the court held this flexibility "does not imply that, once the Commission has triggered the Act's procedural requirements by 'retaking' the parolee pursuant to a warrant, it can circumvent those requirements by simply withdrawing the warrant." *Id.* at 851 (citations omitted). "Because of the comprehensiveness of the Act's procedural requirements," the court said, "we decline to read into it a procedure that Congress could have easily provided for had it so intended." *Id.* The court ordered the Commission to hold a prompt revocation hearing and, if parole was revoked, to give petitioner credit on his federal sentence for all time served since the warrant's execution. *Id.* at 853–54.

The Eighth Circuit took the same position in *Donn v. Baer,* 828 F.2d 487 (8th Cir.1987). In *Donn,* as in *Still,* the Commission's violator warrant was executed when the petitioner was in custody under state charges. The court nonetheless held, "[h]aving taken the constitutionally significant step of executing its violator warrant, the Commission was obligated to afford Donn a revocation hearing within time limits set forth in 18 U.S.C. § 4214." *Id.* at 490.

The holdings of the Tenth and Eighth Circuits are consistent with *Moody,* 429 U.S. at 87, 97 S.Ct. at 278 ("[W]e established [in *Morrissey* ] execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation."); *id.* at 89, 97 S.Ct. at 280 (the Commission "has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant"); and *Wickham,* 618 F.2d at 1309 ("execution of the federal warrant is the event from which time for a probation revocation hearing is calculated").[6]

---

**5.** *See, e.g.,* 18 U.S.C. §§ 4213(b) (requiring prompt "issuance" of a warrant); 4213(c) (describing process for "execut[ing]" an "issued"

warrant); 4214(c) (providing for revocation hearing within ninety days following "retaking").

**6.** The holding in *Wickham* regarding the constitutional significance of the delay between the

■ We join in holding that when the Commission chooses to execute a violator warrant by retaking a parolee into custody under the warrant, the Commission must abide by the procedural requirements of 18 U.S.C. § 4214 and cannot avoid those requirements by withdrawing the warrant and lodging it as a detainer.[7] Not only is the statutory language clear and unequivocal, but most, if not all, of the purposes advanced to justify departure from the statutory directive may be accomplished by wise exercise of the broad discretion vested in the Commission by Congress in issuing, executing, and administering warrants. *See, e.g., Moody,* 429 U.S. at 83–84, 97 S.Ct. at 277 (discussing three options for disposing of a parole violator warrant); *Donn,* 828 F.2d at 489 (the Commission has "virtually complete discretion to decide when to execute a violator warrant" and has "broad discretion to decide whether to issue a warrant"); *Still,* 780 F.2d at 851; *Turner v. United States Parole Comm'n,* 934 F.2d 254, 256–57 (10th Cir.1991).

### IV.

■ Thompson is entitled to relief for violation of section 4214 only if he was prejudiced by the violation. *Hopper,* 702 F.2d at 847. Thompson claims he was prejudiced because if the Commission had held a hearing within the statutory time limits, a decision to revoke parole would have retriggered the running of his 1982 sentence, and he could have served that sentence and his 1989

bank robbery sentences concurrently rather than consecutively. The prejudice Thompson alleges is an extension of his parole term, not of his time in prison.[8]

The Eighth Circuit in *Donn* implied that an extension of parole supervision does not constitute prejudice entitling a petitioner to relief. *See Donn,* 828 F.2d at 490–91. The court either did not consider or rejected Donn's claim that he had nonetheless suffered prejudice because he was unable to serve the total sentence, as distinguished from merely the incarceration period of those sentences, concurrently. *Id.*

The Tenth Circuit in *Still,* in contrast, implicitly concluded that a petitioner deprived of his right to a timely hearing under section 4214 is prejudiced unless the Commission subsequently holds such a hearing and gives the parole violator full sentence credit for time served after execution of the violator warrant. *See Still* 780 F.2d at 853–54.

We find *Still* persuasive and hold that Thompson was prejudiced because he was unable to serve the sentences concurrently. He is entitled either to have the original charges dismissed from the detainer with prejudice or to have a prompt revocation hearing on those charges. If parole is revoked, Thompson is entitled to credit to his sentence for time served since his initial detention in November 1988.[9]

---

arrest of the probationer and the revocation hearing, 618 F.2d at 1309–10, is not relevant here, where the timing and course of the proceedings were fixed by statute.

7. Other courts have taken a more flexible view of the Commission's authority with respect to detainers. *See Franklin v. Fenton,* 642 F.2d 760, 762–63 (3rd Cir.1980) (Commission may withdraw previously executed warrant without providing a revocation hearing and, upon learning that the state intends to prosecute the parolee, may reissue and lodge an identical warrant as a detainer against the parolee's state sentence.); *Thigpen v. United States Parole Comm'n,* 707 F.2d 973, 977–78 (7th Cir.1983) (Commission may withdraw executed warrant and hold it in abeyance until a proper revocation hearing can be held after state charges are disposed of).

8. Thompson was paroled on his 1982 conviction with roughly nine years remaining on that sen-

tence. When the warrant was lodged as a detainer, Thompson's 1982 sentence was tolled until he was released from confinement on the 1989 conviction. *See* C.F.R. § 2.47(e)(2). The Commission cannot require Thompson to spend more time in custody after his release on the 1989 conviction because he will have served the custodial time imposed by that sentence. 28 C.F.R. § 2.47(e)(1) (prisoner whose parole has been revoked for commission of new offense shall receive credit for time served on the new offense for purposes of reparole). However, the period during which Thompson will be subject to parole supervision will be extended by the length of time remaining on his 1982 sentence since that sentence was not allowed to run concurrently.

9. Thompson is not entitled to have his parole revoked. Section 4214 merely afforded Thompson the right to a timely hearing on the original charges. The decision whether to revoke lies exclusively in the discretion of the Commission.

## V.

■ Although the Commission violated the Act by failing to provide Thompson with a revocation hearing on the technical parole violations alleged in the original executed warrant, this is not true with respect to the later bank robbery charges added to the warrant. For all practical purposes, the addition of these supplemental charges constituted the issuance of a "new" warrant. This new warrant was not executed since Thompson was not detained on the basis of the new charges. Thus, the new, unexecuted warrant was properly lodged as a detainer. *See Hopper*, 702 F.2d at 848 (a "warrant is not considered 'executed' where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody"). Thompson has no right to a hearing on these supplemental charges until the detainer is executed.[10] *See Moody*, 429 U.S. at 86–89, 97 S.Ct. at 278–80; *Hopper*, 702 F.2d at 847–48.

\*　　\*　　\*

The denial of the petition as it relates to the original technical parole violations is REVERSED and REMANDED with instructions to order the Commission either to hold a revocation hearing on the original charges within ninety days and, if it determines to revoke parole on the basis of those charges, to credit Thompson's violator term with time served since November 20, 1988, or, in the alternative, to dismiss those charges from the detainer with prejudice. The denial of the petition, insofar as it challenges the detainer lodged against Thompson based on his 1989 bank robbery convictions is AFFIRMED.

*See* 18 U.S.C. § 4214(d); 28 C.F.R. §§ 2.47(e)(2), 2.52; *cf. Wickham,* 618 F.2d at 1310–11.

10. Thompson correctly notes the issuance of a warrant operates to bar the expiration of the violator sentence, *see* 28 C.F.R. § 2.44(d). However, he cites no case, statute or regulation that requires the Commission to relate supplemental charges back to an earlier warrant where the underlying sentence has not yet expired.