132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raoul BERTHAUMIEU, Petitioner-Appellant
v.
Willis GIBSON, Warden, Respondent-Appellee
 No. 96-56566.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1997**
Decided Dec. 11, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-94-05984-JMI; James M. Ideman, District Judge, Presiding
 
 
 2
 Before: HALL, BRUNETTI, and RYMER, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioner, Raoul M. Berthaumieu, appeals the district court denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. We review a district court's decision to grant or deny a federal prisoner's petition for habeas corpus de novo. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997). The court's factual findings are reviewed for clear error. United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996).
 
 
 5
 The United States sought extradition of petitioner to face charges of bank fraud and for violation of a previous parole. Australia granted consent to extradition for bank fraud, but withheld consent to extradition for the parole violation until petitioner was determined to have violated his parole by the United States Parole Commission (Commission). Petitioner was extradited, and after conviction for bank fraud, the Commission conducted parole revocation proceedings and determined that petitioner had violated the terms of his parole. The United States then sought and received consent to detention for parole violation from the Australian government pursuant to instructions from Australia's previous consent to extradition. In addition, the United States lodged a detainer against petitioner, advising custodians of petitioner that he was liable to serve the remainder of his previous sentence after serving his sentence for bank fraud. On his release date from the bank fraud charges, the Commission's warrant would be executed and petitioner would begin serving his unexpired prior sentence, for which his parole was revoked.
 
 
 6
 The doctrine of "specialty" prohibits a requesting nation from prosecuting an extradited individual for any offense other than that for which the surrendering state agreed to extradite. The protection only exists to the extent that the surrendering country wishes. United States v. Najohn, 785 F.2d 1420, 1422 (9th Cir.1986). Since Australia specifically approved petitioner's liability for violating the terms of an earlier parole, we find no violation of the terms of petitioner's extradition to the United States.
 
 
 7
 Secondly, nothing in the Extradition Treaty required petitioner to be notified before the United States sought Australia's consent to his return to prison to serve the balance of his sentence for conviction on an offense other than those for which he was extradited. Nor is there any due process right that entitled petitioner to be notified before the United States sought Australia's consent for his continued detention. He was entitled to certain due process rights before his parole could be revoked, see Morrissey v. Brewer, 408 U.S. 471 (1972), but he was given those rights. Thus, the United States did not violate Berthaumieu's's due process rights nor deprive him of rights under the Treaty.
 
 
 8
 The district court did not err in denying petitioner's claim that he is entitled to credit on his parole violation sentence. To the extent that petitioner relies upon Thompson v. Crabtree, 82 F.3d 312 (9th Cir.1996), we find that case distinguishable since here petitioner was taken into custody for bank fraud, and not for violating the terms of his earlier parole. Petitioner's argument that once the parole revocation hearing was held, the warrant had to be considered executed, also fails. See Berg v. United States, 735 F.2d 378, 379 (9th Cir.1984). Petitioner is entitled to no credit for time spent in custody on bank fraud for purposes of computing the time left on his original sentence.
 
 
 9
 The denial of Berthaumieu's petition is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3