RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0201p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOSEPH VERSHISH,

　　　　　　　*Petitioner-Appellant,*

　　*v.*

No. 04-5122

UNITED STATES PAROLE COMMISSION, et al.,
　　　　　　　*Respondents-Appellees.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 03-02858—Bernice B. Donald, District Judge.

Argued: December 10, 2004

Decided and Filed: May 2, 2005

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Howard Brett Manis, BOROD & KRAMER, Memphis, Tennessee, for Appellant. Joe A. Dycus, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellees. **ON BRIEF:** Howard Brett Manis, BOROD & KRAMER, Memphis, Tennessee, for Appellant. William Siler, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellees.

---

## OPINION

---

KENNEDY, Circuit Judge. Petitioner appeals from the denial of his petition for a writ of habeas corpus in which he alleged that he was denied due process by the United States Parole Commission's failure to grant him a parole revocation hearing after he was arrested pursuant to the Commission's warrant, as required by 18 U.S.C. § 4214(c). In essence, Petitioner contends that he was prejudiced because, if he had been granted a revocation hearing, after which his parole would have been revoked, he could have then served the remaining time on his underlying sentence concurrently, rather than consecutively, with a subsequent sentence he received as a result of a conviction on a charge that was filed against him after he was arrested on the Commission's warrant. For the following reasons, we VACATE the judgment below and REMAND the case to the district court for disposition consistent with this opinion.

1

BACKGROUND

Petitioner Vershish was sentenced on February 28, 1986, in the United States District Court for the Southern District of Florida to thirty-five years confinement for conviction on eight counts relating to the importation, possession, and distribution of methaqualone. The Florida district court later amended the sentence to impose a total term of nine years. On September 13, 1990, Vershish was paroled, and he was to remain under parole supervision until July 18, 1994. In early 1992, Vershish disappeared from supervision, and the United States Parole Commission issued a parole violator warrant for his arrest on March 30, 1992, charging him with several parole violations. The warrant instructed the U.S. Marshal to assume custody as soon as possible. After seven years as a fugitive, Petitioner was arrested April 9, 1999, on a facsimile copy of the Commission's warrant. Within seventeen days of this arrest, Vershish was charged with being a convicted felon in possession of a firearm and having more than five pieces of false identification. Vershish pled guilty to these charges and judgment was entered against him on November 24, 1999. He was thereafter sentenced to a term of eighty-seven months imprisonment. Although the U.S. Marshal had executed a facsimile copy of the Commission's original warrant, the Commission, nonetheless, lodged the original warrant as a detainer. On January 12, 2000, the Commission issued a supplemental warrant adding the following charges: "Law Violation: A) Felon in Possession of a Firearm, B) Possession with Intent to Use Five or More False Identification Documents, Fraud." J.A. 65 (Supplement to Warrant Application). This warrant was also lodged as a detainer against Vershish, pending completion of his new sentence.

On January 12, 2000, Vershish informed the Commission that since he was arrested pursuant to the March 1992 warrant, he was entitled to a revocation hearing. However, relying on its records from the Marshal's Service, the Commission apparently believed that the March 1992 warrant had not been executed but rather lodged as a detainer. It therefore treated Vershish's request as one for a dispositional review of the detainer. The Commission notified Vershish's prison that it would be conducting an "on-the-record" dispositional review of the detainer and requested that Vershish complete the required forms. Vershish did not respond and the Commission sent a second request on August 3, 2000. In early 2003, Vershish wrote the Commision inquiring about the review of his detainers. The Commission conducted a review and ordered that the detainers would stand. Thereafter, Vershish filed a petition for a writ of habeas corpus alleging that he was prejudiced by the Commission's failure to accord him a revocation hearing after he was arrested pursuant to the Commission's warrant. After the district court denied Vershish's requested relief, this appeal followed.

ANALYSIS

We review a district court's decision to deny a petitioner's request for a writ of habeas corpus de novo. *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir. 2001).

Petitioner maintains that he is entitled to a writ of habeas corpus because the Commission failed to accord him a revocation hearing after he was arrested pursuant to a parole violator warrant, in violation of 18 U.S.C. § 4214(c)[1] of the Parole Commission and Reorganization Act.[2] After his arrest on April 9, 1999, Petitioner remained in custody until he made his appeal bond on January 26, 2004. J.A. 174, 191 (the district court granted an appeal bond on January 21, 2004, but delayed its

---

[1] This subsection provides, in relevant parts, "Any alleged parole violator who is . . . retaken by warrant . . . shall receive a revocation hearing within ninety days of the date of retaking. . . ."

[2] Pursuant to § 11017(a) of the 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, certain repealed provisions of the United States Code governing federal parole, including 18 U.S.C. §§ 4201-18, remain in effect - for individuals convicted prior to November 1, 1987 - through November 1, 2005.

issuance for five days). Petitioner served more time between April 9, 1999, and January 26, 2004, than that which he owed under his original sentence. Petitioner asserts that had the Commission held a revocation hearing as required, a decision to revoke his parole would have re-triggered the running of his original conviction, and he could have then served the remaining time under his original sentence and his sentence for the federal gun and fraudulent document charges concurrently rather than consecutively. Because he was prejudiced by the Commission's failure to grant him a revocation hearing, he contends, the charges in the parole violator warrant should either be dismissed or he should be accorded a revocation hearing. If he is accorded a revocation hearing and if his parole is revoked, he continues, he should be entitled to credit for the full period of time he was detained prior to this revocation hearing.

The Commission, in contrast, maintains that no violation should be found by its failure to accord Petitioner a revocation hearing. In support of this position, the Commission maintains, in reliance upon *Saylor v. U.S. Board of Parole*, 345 F.2d 100, 103 (D.C. Cir. 1965), that it should be given some reasonable time and latitude to treat its executed warrant as a detainer when, after the parolee is retaken pursuant to the Commission's warrant, new criminal charges are shortly thereafter brought against the parolee. The Commission contends that if the executed warrant were treated as a detainer, it would not have needed to accord the parolee a revocation hearing until the detainer was executed upon the expiration of the subsequent sentence. Furthermore, the Commission maintains, the Petitioner is entitled to only 17 days credit against his original sentence since he was in custody on the Commission's warrant alone only from April 9, 1999 (the date he was arrested pursuant to the parole violator warrant) until April 26, 1999 (the date the new criminal charges were filed against him).

We find *Saylor*, a case decided by another circuit more than ten years before the passage of the Parole Commission and Reorganization Act, to be unpersuasive. In *Saylor*, Cazada Saylor was convicted of bank robbery in 1947 and sentenced to a term of 30 years in prison. 345 F.2d at 101. "In 1959 he was released on parole." *Id*. Two years later, the Board of Parole issued a parole violator warrant for his arrest, "founded upon information that, among other things, state warrants had been issued . . . for [his] . . . arrest." *Id*. Thereafter, an FBI agent arrested him on June 28, 1961 pursuant to the parole violator warrant. *Id*. He was then turned over to state authorities where he was convicted and sentenced to a term of imprisonment. *Id*. Upon his release from state prison in February 1963, he was taken into custody under the parole violator warrant to serve the remaining time under his original sentence. *Id*. Saylor argued that, having been taken into custody pursuant to a parole violator warrant on June 28, 1961, the unexpired term of his original sentence began to run as of that date. *Id*. The court disagreed, concluding that a return to federal "custody … is not automatically effected by the mere arrest of the parolee by federal agents." *Id*. at 102. Rather, the court continued, "upon arresting a federal parolee as a parole violator, the federal authorities should have some reasonable time and latitude in deciding whether to return him to the federal institution to serve the balance of his term or to surrender him to the local authorities for state prosecution." *Id*. at 103.

The *Saylor* decision fails to support the Commission's argument in light of the clear statutory language in the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201-4218. The Commission asserts that it should be entitled, after the execution of its parole violator warrant, to hand over the parole violator to authorities for prosecution when there is a subsequent charge brought against him and to lodge the executed warrant as a detainer. Section 4214(b) specifically provides that an issued warrant may be placed against a parolee as a detainer if the parolee has been convicted of an independent criminal offense while on parole. "The Act contains no similar provision for lodging an *executed* warrant as a detainer." *Thompson v. Crabtree,* 82 F.3d 312, 315 (9th Cir. 1996). As the *Thompson* court noted, "Congress's manifest awareness of the distinction between 'issuance' of a warrant and 'execution' of . . . a warrant suggests the choice of terminology was not casual. The Act does not expressly proscribe the lodging of an executed warrant as a

detainer . . . but section 4214(c)'s mandate of a hearing within ninety days of retaking is unequivocal." *Id*. We agree, and conclude that once the warrant had been executed, the Commission could not simply withdraw it and place it as a detainer, but instead was required to accord Petitioner a revocation hearing.

Although the Commission did not accord the Petitioner a revocation hearing, the Petitioner is not entitled to credit against his original sentence for the entire time he spent in custody after the execution of the parole violator warrant. When the March 1992 warrant was executed at the time of the Petitioner's April 9, 1999, arrest, the Petitioner's parole term resumed. *Barrier v. Beaver*, 712 F.2d 231, 236-37 (6th Cir. 1983). The Petitioner's parole term was tolled, however, upon the issuance of the January 12, 2000, supplemental warrant. *Id*. Thus, the Petitioner is entitled to 278 days (from April 9, 1999, to January 12, 2000) credit against his parole term.

The Commission argues, however, that since the Petitioner was detained under its authority only from April 9, 1999 (the date the parole violator warrant was executed) to April 26, 1999 (the date the new charges were brought against him), the Petitioner should be entitled to only 17 days credit for its failure to grant him a revocation hearing. The Petitioner's parole term was not tolled on April 26, 1999, when he was charged with subsequent offenses. *See Thompson*, 82 F.3d at 314, 316 n.8 (the parolee's original sentence was tolled, not when he was charged with additional offenses after he was arrested pursuant to a parole violator warrant, but when the supplemental warrant was lodged as a detainer). Nor was the Petitioner's parole term tolled when he was convicted of subsequent charges on November 24, 1999. *See Still v. U.S. Marshal*, 780 F.2d 848, 853-54 (10th Cir. 1985) (the parolee was entitled to credit against his unexpired original sentence for all the time he served once he was taken into custody pursuant to the Commission's parole violator warrant, despite the fact that he was convicted of a charge after the warrant was executed).

The Commission retained jurisdiction to proceed with its parole revocation charges since the Petitioner's parole term did not expire, but rather, as noted above, was tolled upon the issuance of the January 12, 2000, supplemental warrant. Pursuant to 18 U.S.C. § 4214, an alleged parole violator retaken by the Commission has a right to "a preliminary hearing . . . to determine if there is probable cause to believe that he has violated a condition of his parole; and upon a finding of probable cause . . . a revocation hearing." 18 U.S.C. § 4214(a)(1)(A) and (B). The Petitioner never received either a preliminary hearing or a revocation hearing. The judgment entered against the Petitioner on November 24, 1999, obviated any further need for a preliminary hearing. *See* 18 U.S.C. § 4214(b)(1) (noting that conviction for a criminal offense satisfies the preliminary hearing requirement); *Moody v. Dagget*, 429 U.S. 78, 86 n.8 (1976). However, the Petitioner is still entitled to a revocation hearing.

Thus, we VACATE the judgment below and REMAND to the district court with instructions to conditionally grant a writ of habeas corpus with respect to Petitioner's original 1986 federal sentence unless the Commission (1) takes the Petitioner into custody on the outstanding parole violation warrant within sixty days of the district court's order modifying the judgment in this case, (2) accords the Petitioner a parole revocation hearing within sixty days of taking him into custody on the outstanding parole violation warrant, and (3) credits the Petitioner with 278 days (the time he spent in custody from April 9, 1999, to January 12, 2000) on any parole violation sentence imposed.