**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL LEE MELLINGER,

Petitioner-Appellant,

v.

UNKNOWN GRABER, Warden,

Respondent-Appellee.

No. 15-17222

D.C. No. 2:15-cv-00129-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Federal prisoner Daniel Lee Mellinger appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the denial of a section

2241 petition, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Mellinger contends that the decision of the United States Parole Commission

("Commission") revoking his parole unlawfully extended his original sentence.

Judicial review of the Commission's discretionary decisions is limited to

determining whether the Commission's action lacked good cause or was so

arbitrary as to violate due process. *See Walker v. United States*, 816 F.2d 1313,

1316 (9th Cir. 1987). *Thompson v. Crabtree*, 82 F.3d 312 (9th Cir. 1996), upon

which Mellinger relies, is factually distinguishable and does not support

Mellinger's argument that he is entitled to credit for time served on his 2000

conviction. The Commission retains the discretion to determine whether to grant

parole release and whether to grant credit towards a parolee's unexpired sentence

for terms of imprisonment imposed for offenses committed subsequent to parole

release. *See* 18 U.S.C. §§ 4206(c), 4210(b)(2). In light of Mellinger's lengthy and

violent criminal history and unacceptable risk to public safety, the Commission's

determination that good cause existed to deny reparole and deny Mellinger credit

for time served on an unrelated sentence was not arbitrary, irrational, unreasonable,

irrelevant, capricious, or unconstitutional. *See Walker*, 816 F.2d at 1316.

Mellinger's motion to consolidate this appeal with Appeal Number 15-

16984 is denied because that appeal has been dismissed.

Mellinger's motion for expedited resolution is denied as moot.

**AFFIRMED.**