

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# Romano v. US Parole Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Romano v. US Parole Comm" (2007). *2007 Decisions*. Paper 554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4120
_____

MATTEO ROMANO,
<u>Appellant</u>

vs.

U.S. PAROLE COMMISSION
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00933)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
August 17, 2007
BEFORE:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

Filed: August 22, 2007
_____

OPINION
_____

PER CURIAM.

  Matteo Romano appeals from the denial of his pro se habeas petition by the

United States District Court for the Middle District of Pennsylvania.  For the reasons that

follow, we will affirm the district court's order.

1

This case arises from Romano's challenge of the district court's denial of his habeas petition brought under 28 U.S.C. § 2241. The facts of the case are undisputed. On September 14, 1982, the United States District Court for the Eastern District of New York sentenced Romano to a ten-year prison term for violating narcotics laws. Romano was paroled on June 25, 1986, and was to remain on parole until June 25, 1992. At some point in 1988, Romano was arrested by federal authorities on new criminal charges. On May 7, 1991, in view of the pending federal charges against him, Romano waived his right to a hearing on the issue of early termination of his parole, under 18 U.S.C. § 4211, and agreed to continued parole supervision. On June 15, 1992, the Commission issued a parole violation warrant charging Romano with violating the conditions of his continuing parole based on the 1988 arrest. The warrant was sent to the United States Marshal who was instructed by the United States Parole Commission ("Commission") to hold it in abeyance while Romano was awaiting trial and/or sentencing on the new charges. On April 7, 1995, the United States District Court for the Southern District of New York sentenced Romano to 188 months incarceration for racketeering and racketeering conspiracy. On July 28, 1995, the Commission supplemented its parole violation warrant by adding information concerning this conviction. In a letter on August 2, 1995, the Commission requested that the warden of Romano's institution place the warrant as a detainer.

Romano filed the instant petition on May 5, 2006, and the district court

denied it on September 5, 2006. Romano timely appealed.[1] He filed his appellate brief on November 13, 2006, while still incarcerated at the United States Penitentiary at Allenwood.[2]

## II.

We will affirm the denial of Romano's § 2241 petition for substantially the same reasons as are set forth in the district court's order. Romano first argues, without merit, that the parole violator warrant was untimely issued under both 18 U.S.C. § 4213(b) and 28 C.F.R. § 2.44(b). "Any summons or warrant issued . . . shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary." 18 U.S.C. § 4213(b).[3] Under 28 C.F.R. § 2.44(b), "[i]n the case of any parolee charged with a criminal offense and awaiting disposition of

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing a federal habeas judgment, we exercise plenary review over a district court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

[2] Romano's projected release date from his sentence was June 5, 2006. In the report and recommendation, issued July 5, 2006, the magistrate judge noted that the warrant under detainer was presumably executed on or about Romano's projected release date. In its appellate brief, the Commission noted that "[a]fter Roman's habeas petition was denied, the Government was advised that Romano was transferred from Bureau of Prisons to United States and Customs Enforcement's custody. Romano remains subject to parole supervision until June 2010."

[3] The repeal of 18 U.S.C. § 4213(c)(3) has no effect this case. See United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035 (2005).

the charge, issuance of a summons or warrant may be withheld, a warrant may be issued and held in abeyance, or a warrant may be issued and a detainer may be placed." The parole violator warrant here was timely issued ten days prior to the expiration of the parole period for Romano's 1982 narcotics conviction and properly held in abeyance pending resolution of his later offenses.[4] See Franklin v. Fenton, 642 F.2d 760, 763 (3d Cir. 1980). Further, after Romano's conviction, the warrant was properly lodged as a detainer while Romano completed his sentence. See 28 C.F.R. § 2.44(b).

Romano next contends, also without merit, that the 1995 warrant supplement was: (1) untimely because it was not executed until after the expiration of his maximum term for his 1982 criminal conviction; and (2) improper because its content exceeded the bounds of the parole violator warrant. "[A] parole violation warrant may be validly executed after the expiration of the violator's original jail term as long as it has been issued within that term." Cronn v. Buffington, 150 F.3d 538, 543 (5th Cir. 1998) (citing Franklin, 642 F.2d at 764); see also Thigpen v. U.S. Parole Comm'n, 707 F.2d 973, 977 (7th Cir. 1983). The issuance of the parole violator warrant in 1992 served to toll the expiration of Romano's original sentence. See 28 C.F.R. § 2.44(d) ("The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence" and "maintains the Commission's jurisdiction to retake the parolee either before or after

---

[4] As noted, Romano waived his right to a five-year termination hearing, under 28 C.F.R. § 2.43, and agreed to continued parole supervision until his parole termination date of June 25, 1992.

4

the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c).").  Further, the substance of the supplement was proper as it merely recorded Romano's ultimate conviction on the charges previously set forth in his parole violator warrant.  See D'Amato v. U.S. Parole Comm'n, 837 F.2d 72, 77 (2d Cir. 1988).

Lastly, Romano unsuccessfully claims that the Commission: (1) unreasonably failed to execute the warrant by holding a revocation hearing;  and (2) failed to give him adequate notice when it lodged the warrant as a detainer.  First, at the time Romano lodged this petition no revocation hearing was yet necessary because the parole violator warrant had not yet been executed.[5]  Second, we agree with the district court that it is clear from the record that Romano was given notice of the warrant lodged as a detainer against him.

Concerning any remaining claims brought forth in Romano's appellate brief, we note that issues not litigated in the trial court are generally not appropriate for appellate consideration.  See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006).  In sum, for the foregoing reasons, we will affirm the denial of Romano's § 2241 petition.

---

[5]  Due process, however, requires that a revocation hearing be held when a parole violator warrant has been executed.  See Moody v. Daggett, 429 U.S. 78, 87-88 (1976).