

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Jarvis v. Govt of VI

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1168

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jarvis v. Govt of VI" (2008). *2008 Decisions.* Paper 1199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-176
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1168
_____

KITSON B. JARVIS,
Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
BUREAU OF CORRECTIONS

_____

Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 06-cv-00031)
District Judge: Honorable Raymond L. Finch

_____

Submitted for Certificate of Appealability or
Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6

April 10, 2008

Before: McKEE, RENDELL and SMITH, Circuit Judges.

(Filed: May 19, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Kitson B. Jarvis appeals, pro se, from the order of the District Court of the Virgin

Islands dismissing his habeas corpus petition. We will summarily affirm. See Third Circuit LAR 27.4; I.O.P. 10.6.

I.

In 1997, Jarvis was convicted of federal drug crimes in the District Court and sentenced to 220 months imprisonment. He is currently serving his federal sentence in a federal correctional institution in Georgia. It appears that, at the time of his 1997 conviction and sentence, Jarvis was still on parole for Virgin Islands territorial offenses. Jarvis alleged that the expiration date of his parole was March 5, 2001. According to Jarvis, the Virgin Islands Bureau of Corrections ("Bureau of Corrections") subsequently issued a parole revocation detainer letter against him dated October 10, 2002. Because of this letter, the federal Bureau of Prisons ("BOP") increased his custody classification points and placed him in a higher security facility.

It appears that Jarvis previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia (Kitson v. Vazquez, S.D. Ga. Civ. No. 05-cv-00026). Naming the federal prison warden as the respondent, he alleged that the parole revocation detainer letter was void because it was dated after his parole had already expired. Jarvis requested that the letter be removed from his federal correctional file and that his federal custody classification points be corrected. The Georgia district court determined that the BOP was entitled to rely on the letter in determining Jarvis's classification even if the detainer itself was void. It further

2

indicated that any claim was really against the Virgin Islands Parole Board and Bureau of Corrections and not the federal warden. The Georgia petition therefore was denied, and Jarvis did not file an appeal to the Eleventh Circuit.

Jarvis filed the current pro se petition in the District Court of the Virgin Islands pursuant to the habeas provisions of the Virgin Islands Code, V.I. Code Ann. tit. 5, §§ 1301-1325. Naming the Bureau of Corrections as the respondent, he again alleged that the parole revocation detainer letter was void and requested the same essential relief he had unsuccessfully sought in the Georgia action. The District Court dismissed the petition on jurisdictional and substantive grounds. Jarvis timely appealed.

## II.

The District Court was correct to conclude that it lacked subject-matter jurisdiction over a petition filed pursuant to the habeas corpus provisions of the Virgin Islands Code. It is well established that "the District Court of the Virgin Islands does not have jurisdiction under [V.I. Code Ann. tit. 5, § 1303] over petitions filed under that section after October 1, 1991." Callwood v. Enos, 230 F.3d 627, 632 (3d Cir. 2000).

However, given that Jarvis was acting pro se, the District Court appropriately addressed his petition under 28 U.S.C. § 2241. In Callwood v. Enos, we held that the District Court of the Virgin Islands has jurisdiction under § 2241 to consider a challenge to territorial parole proceedings. 230 F.3d at 634. Although he is currently incarcerated in a federal prison in Georgia, the District Court of the Virgin Islands constituted the

3

proper federal forum for a habeas challenge to a parole revocation detainer letter issued by the Bureau of Corrections.[1]  Id. at 633 n.6 (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484 (1973)); see also, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 438-40, 443-45 (2004).

The District Court recognized that the Virgin Islands Board of Parole did not vote revoke Jarvis's parole until August 15, 2002, which was after his alleged parole expiration date of March 5, 2001.  However, it further noted that the petition for revocation of parole and the warrant for Jarvis's arrest were signed on February 1, 2000.  Because "revocation proceedings were initiated prior to Jarvis'[s] parole expiration date," the District Court determined that "procedural due process was satisfied" and denied the habeas claim for lack of merit.  (12/11/07 Order at 2 n.1.)  The District Court's determination is consistent with generally accepted legal principles regarding parole revocation proceedings.  Cf., e.g., 28 C.F.R. § 2.44(d) ("The issuance of a warrant [for the apprehension and return of an alleged parole offender to custody] operates to bar the expiration of the parolee's sentence.  Such warrant maintains the [United States Parole] Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and

---

[1]  Insofar as Jarvis attacked his present physical confinement pursuant to the federal conviction and sentence, the District Court lacked habeas jurisdiction because such claims should have been filed in the district of confinement against the warden of the respective federal prison.  See, e.g., Padilla, 542 U.S. at 434-47.  In fact, Jarvis already litigated such a claim in the Georgia district court without success.

4

forfeiture of time[.]"); <u>Moody v. Daggett</u>, 429 U.S. 78, 87 (1976) ("[W]e established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation." (citation omitted)); <u>Franklin v. Fenton</u>, 642 F.2d 760, 764 (3d Cir. 1980) ("Since the original warrant was issued within the petitioner's original term, it could be executed thereafter." (citation omitted)). Other than making allegations, unsupported by any legal citation, regarding the untimeliness and consequent invalidity of the letter from the Bureau of Corrections, Jarvis's rather cursory submissions in the current matter failed to address in any real detail the legal as well as factual basis for a federal habeas claim against the Virgin Islands authorities.[2] Under the circumstances, we find that this appeal does not present a substantial question with respect to the District Court's rejection of the parole claim. <u>See</u> Third Circuit LAR 27.4; I.O.P. 10.6.

## III.

For the foregoing reasons, we will summarily affirm the District Court's dismissal of Jarvis's habeas petition.[3]

---

[2] In particular, he has not disputed the District Court's finding that the revocation petition and warrant were signed on February 1, 2000, *prior* to the alleged expiration date.

[3] It appears that "[a] certificate of appealability is not a prerequisite to an appeal by a prisoner" challenging territorial parole proceedings. <u>Callwood</u>, 230 F.3d at 633 n.7. We therefore decline to treat Jarvis's notice of appeal as an application for a certificate of appealability.